# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 3302 | DATE | August 12, 2004 |
| CASE TITLE | U S A ex rel Patrick Brunt   v   Kevin L. Winters | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Hearing
(5) ☐ Status hearing .
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■

Memorandum opinion and order entered. Accordingly, the Court denies the instant petition for a writ of habeas corpus and denies petitioner's motion to appoint counsel.

■ for further detail see order attached

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | AUG 1 3 2004 | |
| | Notified counsel by telephone. | date docketed | |
| X | Docketing to mail notices. | 15 | 15 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| GS | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

(stamp: U.S. DISTRICT COURT CLERK  2004 AUG 13 PM 1:34  FILED)

UNITED STATES OF AMERICA, ex rel., )
PATRICK BRUNT, )
)
        Petitioner, )
) No. 03 C 3302
v. )
) Judge Robert W. Gettleman
KEVIN L. WINTERS, Warden Western Illinois )
Correctional Center,[1] )
)
        Respondent. )

## MEMORANDUM OPINION AND ORDER

Petitioner was convicted of felony murder, attempted first degree murder, and two counts of armed robbery following a February 1997 bench trial in the Circuit Court of Cook County. The state court sentenced petitioner to the Illinois Department of Corrections for a total of 55 years: a thirty-five year term for felony murder, a twenty year consecutive term for attempted murder, and two concurrent fifteen year terms for armed robbery.

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated below, the petition is denied.

### FACTS

Petitioner's convictions arose from an incident on March 18, 1995, when he dropped off his codefendant Ralph Harris, parked the car, and waited while Harris left carrying a handgun. Petitioner then heard several gunshots. Harris returned shortly thereafter, and told petitioner that

---

[1] The instant petition originally named Jonathan R. Walls, warden of Menard Correctional Center. The proper respondent in this case is Kevin L. Winters, the warden of the Western Illinois Correctional Facility to which petitioner was transferred. The court has amended the caption accordingly. See Szabo v. Walls, 313 F.3d 392, n.* (7th Cir. 2002).

he had robbed and shot two "dope" dealers, and gave petitioner $100. One of the dealers, Eric Watkins, was killed, and the other, James Henry, Jr., survived and testified at petitioner's trial. After a bench trial, petitioner was convicted of felony murder of Watkins, attempted first degree murder of Henry, and two counts of armed robbery, all based on accountability (as the getaway driver for Harris).

On direct appeal, petitioner argued that: (1) the police lacked probable cause to arrest him and thus the trial court should have sustained his motion to quash the arrest and suppress evidence; (2) the State failed to prove that petitioner was guilty beyond a reasonable doubt of felony murder because it failed to prove that petitioner had the specific intent to aid and abet the shooter, Ralph Harris; and (3) petitioner's fifty-five year sentence was excessive and should be reduced. In an unpublished order, the Appellate Court of Illinois affirmed the trial court's judgment in its entirety. See People v. Brunt, No. 1-97-0935 (Ill. App. 1st Dist. March 9, 1999). In his subsequent petition for leave to appeal to the Illinois Supreme Court, petitioner described the issue presented as "whether the appellate court erred when it affirmed petitioner's conviction, even though the trial court had committed reversible error when it denied the Motion to Quash Arrest - Suppress Evidence." On February 2, 2000, the Illinois Supreme Court denied petitioner leave to appeal.

Petitioner then filed a pro se petition for post-conviction relief pursuant to the Illinois Post-Conviction Act, 725 ILCS § 5/122-1 et seq, raising five issues: (1) trial counsel rendered ineffective assistance by failing to move for a mistrial because petitioner did not knowingly and intelligently waive his right to a jury trial; (2) the trial court erred in overruling petitioner's objection to testimony concerning "other crimes" evidence in violation of the Fourteenth

2

Amendment to the United States Constitution; (3) the State's closing argument improperly referenced other crimes evidence in violation of the Fourteenth Amendment to the United States Constitution; (4) the trial court erroneously considered petitioner's statements regarding other crimes in violation of the Fourteenth Amendment to the United States Constitution; and (5) appellate counsel rendered ineffective assistance by failing to raise these claims on direct appeal. In an order dated April 14, 2000, the Circuit Court of Cook County held that petitioner's claims were untimely, and that the issues raised by his petition were frivolous and patently without merit.

Petitioner obtained counsel and appealed the denial of his state petition for post-conviction relief. On appeal, petitioner's counsel argued that: (1) his petition was not untimely, because the statute of limitations should not have started running until after his motion for reconsideration of his sentence was denied; (2) petitioner's consecutive sentences violated the rule announced in Apprendi v. New Jersey, 530 U.S. 466 (2000); (3) the enactment of Public Act 83-942, which amended the Post-Conviction Hearing Act to require the dismissal of certain post-conviction petitions prior to the appointment of counsel, violates the single subject rule of the Illinois Constitution; and (4) one of petitioner's convictions for armed robbery must be reversed because a criminal defendant in Illinois cannot be convicted of both felony murder and the underlying predicate felony. In People v. Brunt, 332 Ill. App. 3d 974 (Ill. App. 1st Dist. 2002), the Illinois Appellate Court vacated one of petitioner's armed robbery sentences, and affirmed the circuit court's dismissal "on the basis that the petition was frivolous and patently without merit." The appellate court further held that, (1) petitioner's sentences did not violate Apprendi, and (2) Public Act 83-942 does not violate the single subject rule of the Illinois Constitution.

In his petition for leave to appeal to the Illinois Supreme Court, in which he was represented by counsel, the only issues raised by petitioner related to Apprendi: (1) whether petitioner's consecutive sentences violated Apprendi, and (2) whether Apprendi applies retroactively on collateral review. Petitioner was denied leave to appeal on December 5, 2002.

On May 19, 2003, petitioner filed the instant pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising four issues: (1) his state post-conviction petition should not have been dismissed as untimely; (2) his consecutive sentences are unconstitutional under Apprendi; (3) the enactment of Public Act 83-942 violates the single subject rule of the Illinois Constitution; and (4) his conviction for armed robbery must be vacated because he was convicted under the prosecution's felony murder theory.

On September 26, 2003, the court denied petitioner's motion for appointment of counsel as premature, stating that "whether the interests of justice require appointment of counsel in this case cannot be determined until after the court has had an opportunity to review and consider respondent's answer to the petition." Respondent answered the petition on November 17, 2003, and petitioner was ordered to reply on or before January 12, 2004. On December 29, 2003, petitioner filed another motion for appointment of counsel. As of the date of this order, petitioner has neither filed a reply nor sought additional time to reply to respondent's answer.

## DISCUSSION

In his answer, respondent argues that petitioner's claims under Apprendi fail because Apprendi is not retroactively applicable to cases on federal habeas review, and that petitioner's claims regarding timeliness and the Illinois constitution, (1) are state law claims that are not cognizable on habeas review, and (2) are procedurally defaulted. As for petitioner's claim that

his armed robbery sentence should be vacated, respondent notes that the Illinois Appellate Court granted that relief in its 2002 opinion.

1. Apprendi claim

The United States Supreme Court's opinion in Apprendi v. New Jersey, 530 U.S. 466 (2000), does not apply retroactively to cases on federal habeas review. Dellinger v. Bowen, 301 F.3d 758, 765 (7th Cir. 2002); Curtis v. United States, 294 F.3d 841, 844 (7th Cir. 2002). Accordingly, the court denies petitioner's claim under Apprendi.

2. Illinois Constitution's Single Subject Rule and Timeliness of Petitioner's State Post-Conviction Petition

28 U.S.C. § 2254(a) provides that a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Petitioner's claims regarding the Illinois constitution and timeliness of his petition under the Illinois Post-Conviction Hearing Act involve questions of state law, not federal law, and thus are not cognizable in a § 2254 petition. See, e.g., King v. Cahill-Masching, 169 F. Supp. 2d 849, 854 (N.D.Ill. 2001) (Claim involving Illinois' "one act-one crime" rule is not cognizable on habeas review "because it relies on state law and does not raise an issue under the United States Constitution").

Even if the court concluded otherwise, these two claims would still fail because petitioner failed to present them in his petition for leave to appeal to the Illinois Supreme Court. See Rittenhouse v. Battles, 263 F.3d 689, 697 (7th Cir. 2001); White v. Godinez, 192 F.3d 607, 608 (7th Cir. 1999). Petitioner has not demonstrated (or addressed) cause and prejudice for this

default, see Wainwright v. Sykes, 433 U.S. 72, 87 (1977), and the court concludes that failure to review these claims will not result in a "fundamental miscarriage of justice." Schlup v. Delo, 513 U.S. 298, 315 (1995).

3.  Vacating Petitioner's Robbery Sentence

As noted above, the Illinois Appellate Court vacated the sentence and conviction on the armed robbery of Eric Watkins, Count VI of the indictment. In support thereof, the court stated that "under the laws of this state armed robbery, as an included offense underlying the felony murder charge, will not support a separate conviction and sentence." Brunt, 332 Ill. App. 3d at 979 (citations omitted). Petitioner's request for identical relief in the instant habeas petition, based on an identical theory, is thus denied as moot.

Although the court is reluctant to deny the instant petition without the benefit of petitioner's reply, the court notes that petitioner had ample time to reply and never requested an extension. To the extent that his renewed motion for appointment of counsel may be construed as a request for an extension of time, the court notes that a reply, even one drafted with the benefit of counsel, would be futile in light of the substantive and procedural obstacles outlined above.

Further, appointment of counsel is simply not warranted in the instant case. An evidentiary hearing is not needed, and the interests of justice do not require appointment of counsel. See Rule 8(c), Rules Governing Section 2254 Cases.

## CONCLUSION

For the reasons stated above, the court denies the instant petition for a writ of habeas corpus and denies petitioner's motion to appoint counsel.

**ENTER:** **August 12, 2004**

_____
Robert W. Gettleman
United States District Judge